Number 171990, Dylan Thomas O'Riordan v. Jefferson Sessions Thank you Mr. Marino, good morning Good morning I'd like to reserve two minutes for rebuttal if I may You may May it please the court, my name is Anthony Marino I represent the petitioner Dylan Thomas O'Riordan in this matter The issue here today is whether the government is permitted to detain an individual, an adult, without bond and deport him without any hearing, without any opportunity to pursue relief, without any possibility of bond and all on the basis that some third party bargained away that person's constitutional rights when he was a child and in such a manner that he grew up to be an adult who will never have those rights back I submit that the obvious answer to this question is no and on that basis I'm asking the court to vacate my client's removal order in order that he be given a constitutionally sufficient removal hearing The Supreme Court has long held that aliens are entitled to due process regardless of their status in this country You know, there's no question about those basic premises Here's what the problem is and here's what the other courts that have addressed this problem in so far as I can tell have said They have said that look, people come in under the visa waiver program, they get a special benefit, they agree to summary removal That's the way in which they come in That's the program under which this defendant entered So he's a minor and a third party, presumably a paranoid guardian, but a third party executes the waiver on his behalf If the waiver is valid, then by the terms of the visa waiver program, and there is no allegation here or I think any basis for an allegation that the visa waiver program is unconstitutional summary removal is the proper remedy If, however, the waiver is invalid, as you contend, then there's no constitutional violation because there's no prejudice The waiver should never have been accepted and the defendant should have been summarily removed when he first set foot into the country Now that's the formulation that other courts have used with this terribly painful problem I'm not underestimating the pain that's inherent in the problem But I'm curious as to why that formulation that other courts have already paved the way for, why that isn't the correct formulation I'm encouraged that the basic due process issues are not really in question because I've got some sense from the government's brief that they may have been I'm happy to address the prejudice issue, which is really what all the other courts who have ruled on this have rested on There are a few mistakes, and I believe this case is also distinguishable on a couple of grounds First of all, prejudice in a case where a constitutional deprivation has deprived an individual of a hearing altogether Prejudice is presumed In Florida's Ortega No, but I don't think that's true in a case where the individual would have been in a position to get a hearing but for the error in the first place I mean, here's a defendant who was subject to summary removal from the first step he took into the United States unless the waiver that let him in was valid Right It wasn't, and he was subject at that point to summary removal on your theory So he's not entitled to a greater degree of protection at a later date As I say, that's what other courts have said If the waiver was valid, and he came into the country in a form that rights attached to that then one of the rights that he validly waived was the right to a removal proceeding other than summary removal I mean, it's a catch-22 I actually don't think that it is, because the rights don't attach based on his manner of entry The rights attach because of the Constitution Everybody who is present in the United States has these rights And when he entered, if he didn't, if the waiver was not valid Right, because if we're talking about prejudice Right The waiver was not valid, and that's certainly my argument He then is walking around with his full set of constitutional rights On September 19th, 2017, when ICE takes him and puts him in a prison cell in a jumpsuit for four months He has a right to a hearing at that time, because he never waived that right And that's the constitutional violation that we're complaining about So here's what, I take the point I mean, one way to think about the case the way you're presenting it It's as if an adult from Ireland came through and for whatever reason Correct Was admitted into the country, and they just never effected the waiver Or entered without inspection He's just here Right So the thing that is, I'm not quite following on the prejudice side Is one thing that follows, okay, if that's the case, you're now here And the government has just let a person develop ties here They're an actual human being Because this person came as a child, you can't say that person made a choice at the border for himself To be here or not be here Someone else made it for him So you say that can't change his services Because he's still here, he lived the life he lived He's in the situation he's in Right But what do you want? There's two parts There's the relief that he could receive through the adjustment of status And then there's the hearing Right What do you want to happen at the hearing? Because there's no argument in your brief that there's any argument he could make at the hearing that would help him Adjustment of status No, aside from adjustment of status I want to do it in two parts Right Some cases you could imagine there's something that might be said at the hearing Right You got the wrong guy I didn't come under the reason waiver program Whatever, the ground you gave is not You're not making any argument of that As far as I can tell, the only prejudice you identify follows from his inability to seek adjustment of status Well, I think that the prejudice is the absence of a hearing at all Like, even if you think you're going to lose It's still important to have that hearing Right, you can't just say, well, I think that if you gave me a hearing, he wouldn't have a defense There's no hearing Is that prejudice sufficient that, therefore, you revoke the removal order? Well, under Forza Ortega, I mean, that's why there's the presumption of prejudice in the absence of any hearing Forza Ortega is not an immigration case It's not an immigration case Right, so is there any immigration case that says a hearing in which you've identified no ground you would raise at the hearing I take the adjustment of status point, I'm going to come to it in a second Sure But there's no ground you're going to raise at the hearing as a reason for revoking the deportation order No Okay, so now if we get to adjustment of status, here's the problem I have with that That's a statutory benefit Sure And why wouldn't it be plausible to read, the statutory benefit just happens to only be available to people It happens to not be available to people who were waived in by their parents under the visa waiver program Do you get the point? I do I'm not saying the waiver is valid for due process The statutory benefit he claims, a conditioned precedent to getting it is that you not be somebody who entered the country as a child subject to your parent's waiver, but this person did But that's not what the statute says Okay, so how do you do that? In fact, 245C4 says that all individuals actually who enter on the visa waiver program are ineligible for adjustment of status except immediate relatives As an immediate relative, he remained eligible for adjustment of status During the period he was here in those 90 days It doesn't contemplate you can do it on the 91st day It does I've had cases where I've adjusted status of individuals who have overstayed the visa waiver program and they're able to adjust beyond the 90 day period And my understanding is that that continues to be USCIS's, the Department of Homeland Security's reading of the statute I'm sorry, if this person came in as an adult If he had not encountered ICE, we could have gone and filed him a job I wish they'd come to me And you're saying that unlike an adult who comes in and is drunk And at that point you say, well that person had a choice They could have either come in or not come in So they can't not complain Now if you have a case where you say maybe they're wrong, but even if they're right They're different than this case because this person came in as a child I think even the drunk guy has a prejudice argument even at the moment of injury But those courts disagree There's a legal issue that they didn't address I think that they've missed that there's a 10 year bar that attaches To the person who's turned away on the visa waiver program Versus the person who's admitted on the visa waiver program and then immediately removed Independent of all that, you're saying child cases are just different Because it's not plausible to say that the child made a choice or had a choice To either come in or not come in Somebody just brought him in Or to waive or not waive their constitutional rights Now they've lived their life And I take it there's no evidence in the record to indicate that the child Knew the basis on which they were in the country So that when they develop all the effective ties There's no evidence put forward that evidence of that kind It would be like me walking out of here and getting arrested and asking for a hearing And having the police say, sorry your mom sold us those rights when you were a kid Thank you Thank you Do you have a question? No Thank you May it please the court your honors My name is Joanna Watson on behalf of the respondent The United States Attorney General Ms. Watson can I ask you a question I probably should know the answer to but Yes your honor If he didn't get a hearing Could he raise the invalidity of the waiver at that hearing? If he had a hearing Yes Could he have raised that? The whole part of the Visa Waiver Program is Pro cro You waive your right to contest removal And the United States waives your right to Or waives your requirement of a visa So There would be no hearing situation Well if there were one could he raise it? Well I guess you're going to the knowing and voluntary Whether there's a requirement of knowing voluntary Well more or less You're helping me I really can't answer that because there would be no scenario Where he'd be in 240 Proceedings before an immigration judge under the Visa Waiver Program To contest that But I will say that there is a process There isn't no process in this situation First two weeks prior to the removal order being issued There's a notice of intent to issue a removal order And in that order it gives you the option to Contest your removability It says on the basis of asylum But then there's also other portions that you can check off To say I'm not the person that they say that I am I actually have complied and I'm within that period of the 90 days And there's a couple other Is there anything apart from the waiver language In that ETSA or whatever it's called Is there anything apart from that waiver language Any regulation or statute That suggests that absent a waiver A person who is in the country Through the Visa Waiver Program Is ineligible to seek adjustment of status Not sure I'm following You're asking under the Visa Waiver Program It is humanly possible to come in Through what everybody thought was the Visa Waiver Program And there's a glitch and no waiver is affected There have been cases litigated In the case I'm thinking Government lost the waiver form or something like that But there was enough evidence there to show That he did come under the program But they can't prove the waiver So in a case like that Could that person seek adjustment of status Only if they found that he didn't come under the Visa Waiver Program Because it's a necessity I understand that the waiver language makes that clear Absent the assenting to the waiver However, is there any regulation Or statutory language the government can point to That says that a person who comes in through that program But there's a glitch, they've lost the waiver They can't prove he waived Is ineligible to seek adjustment of status I can't think of anything If that's the case and there was not a valid waiver here Because of the age of the child Why can't this person seek adjustment of status Because there was a valid waiver But that's not the question The question is what if we hold that there is no valid waiver Can this petitioner seek adjustment of status There's still a whole process that you need You need to be admissible to the United States But he's here But he's not here anymore He's been deported so he's not in the United States But there's a whole process for adjustment Does that matter that he's not here You don't make an argument that that's why he loses I take the point Maybe there is some argument that once you're out of the country  I don't see that argument in the government's brief That now that he's gone You can take the position that if he was right here In a detention facility in the United States Right now he could not seek adjustment of status Because of the visa waiver program But then we asked you is that because of the program Or because of the waiver And you said it's the waiver not the program Then we said suppose we say there was no valid waiver Can he seek adjustment of status Now you say maybe it's because he's out of the country There's still a whole process for adjustment of status Can he apply for it That's what he's claiming He's not saying he gets it He's saying he should be able to seek it He's been denied the opportunity to seek it If the court were to find that he did not enter Under the visa waiver program and there wasn't a valid waiver Then he could be put into a different form of proceedings You're not responding to the hypothetical Respond to the hypothetical What we're saying is suppose we find that he did enter Under the visa waiver program That's a historical fact The waiver that permitted that entry Was invalid Assume those two facts Can he then apply for adjustment of status Yes is an allowable answer I can't say for sure If he could go through CIS Or if he was going to be put in proceedings In a different way Let me ask you the question another way Under the hypothetical I've given you Assuming those two facts Entered under the VWP but the waiver is invalid Assume those two facts Are you aware of any statute, regulation, decision or principle That would prevent him From applying for adjustment of status Just the visa waiver program Because he would still consider coming in under that You're not allowed to adjust But that's because of the language in the waiver It's not the program as a whole That portion of the Well there's a portion of the waiver That says you waive your right to contest Assume that waiver is null void of null effect But there is also the visa waiver program There is a disclaimer on it that says When you come into this program you cannot adjust your status You can apply for asylum And there's one instance where you could adjust status Within that 90 day period I think it's based on a marriage to a US citizen Where do we find that provision The provision that says you can't apply for adjustment of status Except within that 90 day period You said it's somewhere besides in the waiver itself Where do we find that Well it's part of the disclaimer when you fill out the ESTA application Online Do we have that in the record Yes we do But we won't have the 12 year old filling it out It was done by a third party We know that And that's separate That's why I attached it to my brief Because you couldn't just do a link to it You had to go as if you were filling out an application The ESTA application to come here under the visa waiver program And one of the first things that comes up is a disclaimer And it says that by coming in under this You cannot adjust status You can't change your status And it gives a whole list of things And I believe it was attachment B to my brief Is that in a regulation The regulation says that you can't come You can't adjust status as well It's not just the waiver No I understand the theory The whole purpose of coming in under this program Is to travel here To not have to get a visa It benefits the government It benefits other countries It makes it easy And to say that a child Basically under this reasoning Any child that comes to the United States With their parents under this visa waiver program A child would never be able to come Because a child can always contest Because even a baby, an infant Traveling with their parents Still has to have this ESTA filled out with the waiver So under this reasoning Then it should be barred basically for any child Should never be able to come in under this program Because they would always find a way to contest removal I was an infant It just means they would stay To have this program Waiving the visa As opposed to making them go and get a visa In order to come here There would be no purpose You wouldn't be able to do it for any child The whole thing under this reasoning Because any child would be able to say Oh my parents did it I take that point You might think the due process calculation Changes when the government for whatever reason Permits an infant to come here The infant lives here for 35 years Develops an entire life And then one day when they walk into an office Is told, though you have citizen children Though you may have citizen spouse And an entire citizen family You're now going back to some country That you had no ties to whatsoever Without a hearing or anything The due process implications of that It doesn't take a great imagination To see why that's a bit shocking I understand, I see your side of things It's not my side It's hard to see that side of things But it was put in place as a temporary In order to travel here, not to make ties Not to stay here Especially when you have a lawful permanent resident parent That should know the proper channels in order to immigrate here And chose to bring their child This is not the government's fault It's ultimately the parent's fault For making this choice Would they be aware of WIC-YO I thought there was a case called WIC-YO A long time ago that said the Constitution Applied to all persons within the United States Including non-citizens and even aliens Who are here illegally There is a process here There wasn't no process But he could have contested He could have applied for asylum Can you make sure to address Her point that the reg Effectively establishes a condition precedent Such that if you came in under the program Because the parents filled out the application You can't get the adjustment status I don't believe that the waiver language Or whatever printout is given to people Or whatever comes up on the computer screen Says that individuals are ineligible for adjustment status If they enter on the visa waiver program And if it did, it would be wrong She didn't say it was just limited to that She said it was actually in the language, in the regulations I can quote the Immigration and Nationality Act Which is at 245C4 That says that visa waiver entrants are ineligible for adjustment status With the exception of immediate relatives So if there's a regulation or a piece of paper That DHS or the state printed out that says otherwise It's wrong and I think the statute would control It's a big difference I think legally As to whether it's a regulation or a piece of paper So you have no specific knowledge either way Of whether there's a regulation dealing with this I'm not aware of a regulation that says that adjustment status Is not available to visa waiver entrants Any such regulation would be contrary to the statute And I know I've done adjustment status cases With visa waiver entrants With the permission of the presiding judge I'd like to ask both counsel to provide us within three days By a 28J letter Their direction as to where we should look in the regulations To find this regulation Or in lieu thereof a statement That they can find no such regulation Very good I see I just have a few seconds left here But I just want to counsel the court You have 30 seconds actually To not rest it's decision solely on the relief available In this particular instance Because I do believe that the hearing itself has constitutional value And that he was entitled to a hearing And that in other cases there may be other avenues for relief There are all kinds of claims and avenues towards adjustment Or permanent residency in the United States that may arise in a hearing Thank you